UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY TALAMANTES,<br><br>Plaintiff,<br><br>vs.<br><br>MERCED COUNTY JAIL, et al.,<br><br>Defendants. | 1:20-cv-01643-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF No. 8.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Jeffrey Talamantes ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 18, 2020.  (ECF No. 1.)  The Complaint awaits the court's requisite screening under 28 U.S.C. § 1915.

On April 26, 2021, Plaintiff filed a request for the court to compel staff at Merced County Jail to provide him with copies of all of the grievances he submitted.  Plaintiff also reports that

he has been retaliated against by staff at Merced County Jail causing him to serve more time and to be classified as a violent offender.[1]

To the extent that Plaintiff seeks a court order compelling jail officers or staff to act on his behalf or to refrain from retaliating against him, the court construes Plaintiff's request as a motion for preliminary injunctive relief.

## II. PRELIMINARY INJUNCTIVE RELIEF

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

## III. ANALYSIS

To the extent that Plaintiff seeks a court order compelling officers or staff at Merced County Jail to act on his behalf or refrain from retaliating against him, the court lacks jurisdiction to issue such an order because the order would not remedy any of the claims upon which this case proceeds. This case was filed against defendants employed at the Merced County Jail based on events occurring before November 18, 2020 at the Merced County Jail in Merced, California. Plaintiff now requests a court order protecting him from present and future actions by officers at

---

[1] Any relief affecting Plaintiff's conviction or sentence is not available in this § 1983 action. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).

2

the Merced County Jail. Because such an order would not remedy any of the claims in this case, which are based upon events occurring before November 18, 2020, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

Furthermore, no defendants have yet appeared in this action, hence the court does not have jurisdiction to order injunctive relief which would require directing individuals not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Moreover, Plaintiff's motion for preliminary injunctive relief against officials at Merced County Jail should be denied as moot because Plaintiff is no longer in custody there.[2] When Plaintiff filed this case he was incarcerated at the Merced County Jail. Plaintiff is currently incarcerated at Corcoran State Prison. Where a prisoner is challenging conditions of confinement and is seeking injunctive relief, transfer to another prison renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007). Here, there is no evidence that Plaintiff expects to be transferred back to the Merced County Jail. Therefore, Plaintiff's motion should be denied as moot.

## IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on April 26, 2021, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

---

[2] On April 1, 2021, Plaintiff filed a notice of change of his address to Corcoran State Prison in Corcoran, California. (ECF No. 7.)

objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:  **April 28, 2021**           **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE