UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY TALAMANTES,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MERCED COUNTY JAIL, et al.,<br><br>　　　　　Defendants. | **1:20-cv-01643-DAD-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED**<br>**(ECF No. 11.)**<br><br>**OBJECTIONS DUE WITHIN 14 DAYS** |

**I.　BACKGROUND**

　　Jeffrey Talamantes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 18, 2020. (ECF No. 1.) The Complaint awaits the court's requisite screening under 28 U.S.C. § 1915.

On June 3, 2021, Plaintiff filed notice to the court that he is in fear for his safety and freedom, that he was retaliated against by Merced County officers who lost his paperwork and other items. To the extent that Plaintiff requests the court to compel prison officials or Merced County officers to act on his behalf, or refrain from acting against him, the court construes this request as a motion for preliminary injunctive relief.

## II.    PRELIMINARY INJUNCTIVE RELIEF

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

### **Analysis**

To the extent that Plaintiff seeks a court order compelling officers or staff at Merced County Jail or Corcoran State Prison to act on his behalf, or refrain from acting against him, the court lacks jurisdiction to issue such an order because the order would not remedy any of the claims upon which this case proceeds. This case was filed against defendants employed at the Merced County Jail based on events occurring before November 18, 2020 at the Merced County Jail in Merced, California. Plaintiff now requests a court order protecting him from present and future actions by officers at the Merced County Jail and Corcoran State Prison.

Further, no defendants have yet appeared in this action, hence the court does not have personal jurisdiction to order injunctive relief which would require directing individuals not

before the Court to take action. <u>Zepeda v. United States Immigration & Naturalization Serv.</u>, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Finally, Plaintiff's motion for preliminary injunctive relief against officials at Merced County Jail should be denied as moot because Plaintiff is no longer in custody at this facility.[1] When Plaintiff filed this case he was incarcerated at the Merced County Jail. Plaintiff is currently incarcerated at Corcoran State Prison. Where the prisoner is challenging conditions of confinement and is seeking injunctive relief, transfer to another prison renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. <u>See</u> <u>Preiser v. Newkirk</u>, 422 U.S. 395, 402-03 (1975); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); <u>see</u> <u>also</u> <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007). Here, there is no evidence that Plaintiff expects to be transferred back to the Merced County Jail. Therefore, Plaintiff's motion should be denied.

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on June 3, 2021, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

---

[1] On April 1, 2021, Plaintiff filed a notice of change of his address to Corcoran State Prison in Corcoran, California. (ECF No. 7.)

IT IS SO ORDERED.

Dated: **June 7, 2021**                    **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE